IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 96-00094 JSW |
| Plaintiff, | **ORDER REFERRING MATTER TO FEDERAL PUBLIC DEFENDANT APPOINTING COUNSEL AND DEFERRING ISSUANCE OF ORDER TO SHOW CAUSE** |
| v. | |
| JOHN THAT LUONG, | |
| Defendant. | |

Defendant, John That Luong ("Defendant") was convicted following a jury trial of a substantive violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other offenses. *See United States v. Luong*, 215 Fed. Appx. 639, 2006 WL 3825384 (9th Cir. Dec. 26, 2006); *United States v. Luong*, 471 F.3d 1107 (9th Cir. 2006). On February 24, 2011, Judge Patel re-sentenced Defendant to a total term of 65 years imprisonment, following remand from the Ninth Circuit.

On September 27, 2012, Defendant filed a motion to vacate, set aside, or correct sentence, based on ineffective assistance of counsel, and also filed a motion for an enlargement of time in which to file his memorandum of law in support of the motion. (*See* Docket No. 2058 at ECF page 20.) The granted that request. On November 13, 2012, Defendant filed a second motion for enlargement of time, and asked for a final extension of 90 days in which to file his memorandum of law in support of the motion to vacate. The Court granted that request.

On February 4, 2013, Defendant filed a document entitled "Clarification of Petitioner's 2255 Grounds and Supporting Facts." In that document, Defendant puts forth argument on

eleven of the thirteen grounds for relief specified in his original motion. He presents no argument on the first and third claims for relief, which pertain to alleged ineffective assistance of counsel during the grand jury selection and jury selection process. Defendant states that he "will preserve" these grounds "until he can obtain those proper documents/evidence to effectively present them...."

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728.

Defendant is proceeding without the benefit of counsel and if Defendant fails to present all grounds for relief, he runs the risk that he will not be able to bring those claims in the future. Pursuant to Section 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

In addition, each of Defendant's claims for relief are premised on alleged ineffective assistance of counsel, which may trigger a motion by the Government to find that Defendant has waived the attorney-client privilege. The Court is satisfied that the interests of justice require appointment of counsel. However, it is not clear that Defendant if financially unable to obtain representation. Accordingly, the Court HEREBY REFERS this matter to the Federal Public Defender's Office to determine whether Defendant is eligible for appointment of counsel pursuant to 18 U.S.C. § 3006A and, if he is, to appoint counsel for purposes of pursuing the Section 2255 motion.

The Court shall defer issuing an Order to Show Cause until it has received notification that counsel has been appointed or Defendant is not financially eligible for appointed counsel.

**IT IS SO ORDERED.**

Dated: February 15, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Ruben P. Deang

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Number: CR96-00094 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JOHN THAT LUONG, | |
| Defendant. / | |

United States District Court
For the Northern District of California

1  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

2

3  That on February 15, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

4

5  John That Luong
08838-097
6  Hazelton
U.S. Penitentiary
7  Inmate Mail/Parcels
P.O. Box 2000
8  Bruceton Mills, WV 26525

9

10  Dated: February 15, 2013

Richard W. Wieking, Clerk
11  By: Jennifer Ottolini, Deputy Clerk

5